IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

DENNIS SPINKS

vs.                                        CIVIL ACTION _____
                                                JURY REQUESTED

B&J HOSPITALITY D/B/A
HOLIDAY INN EXPRESS

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

## INTRODUCTION

1. The named Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA") entitlement of the right to receive pay for all time worked for Defendant. Defendant has failed to pay Plaintiff and others similarly situated for continuous workday activities which are integral and indispensable to their principal activities. For himself the named Plaintiff seeks his unpaid wages, overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

## PARTIES

2. The named Plaintiff, DENNIS SPINKS, is a former employee of the Defendant. The Plaintiff brings this action to recover unpaid compensation due to him.

3. The Defendant is B&J HOSPITALITY D/B/A HOLIDAY INN EXPRESS, doing business in the State of Texas. Defendant, can be served with process in this case by serving its registered agent, Pritesh B. Patel, 1030 East Palestine Avenue, Palestine, Texas 75801.

At all times relevant to this lawsuit, the Defendant has employed and continues to employ a substantial number of employees in non-exempt work. Defendant's business operation in Panola County, Texas, is, at present, and was at all times relevant to this lawsuit, engaged in the performance of related activities through unified operation or common control for a common business purpose and is an enterprise within the meaning of 29 U.S.C. §213(s)(6).

## JURISDICTION

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, 29 U.S.C. §216(b) and 28 U.S.C. § 1337. This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq.

## FACTS

5. Defendant, B&J HOSPITALITY D/B/A HOLIDAY INN EXPRESS is an employer and enterprise as those terms are defined by the FLSA.

6. At all times relevant hereto, Defendant has been an enterprise engaged in commerce and/or in the production of goods for commerce, as those terms are defined by the FLSA.

7. At all times relevant hereto, Defendant has been an employer subject to the wage and hour provisions of the FLSA.

8. During part of his employment with Defendant, Plaintiff was improperly classified as an exempt employee under the Fair Labor Standards Act of 1938. Defendant required and/or permitted Plaintiff to work in excess of forty (40) hours per week, but refused to compensate him for such hours at the overtime rate required under the Fair Labor Standards Act ("FLSA"). Defendant's conduct violated the FLSA, which requires non-exempt employees to be

compensated for overtime work at the FLSA-mandated overtime wage rate. See 29 U.S.C. §207(a). Defendant has failed to pay Plaintiff for continuous workday activities which are integral and indispensable to his principal activities.

9. Plaintiff was also classified as an non-exempt employee with the Defendant. Defendant has repeatedly and willfully violated, and continues to willfully violate, Sections 6 and 7 of the FLSA by failing to pay Plaintiff and other similarly situated employees, or former employees, for the hours worked by such employees, by failing to pay Plaintiff for hours in excess of forty (40) hours per week at a rate not less than one and one-half times the regular hourly rate of pay at which such employees are compensated ("overtime") 29 U.S.C. §206, 29 U.S.C. §207.

10. Plaintiff is employed in a position which is not exempt from the requirement that he be compensated for his hours of work by the payment of straight time and overtime. Defendant has repeatedly and consistently failed to pay Plaintiff his overtime wages, which is an integral and indispensable to his principal activities in his continuous workday.

11. The payments are not proper for hours worked and hours in excess of 40 hours, for overtime.

## REQUESTED RELIEF

12. Plaintiff has suffered and continues to suffer damages as a result of the Defendant's failure and refusal to pay proper compensation, as shown above, because of the Defendant's continued violations of the FLSA. Plaintiff is entitled to judgment granting him damages in the amount of the difference between the partial wages actually received by the Plaintiff and the full wages he is

entitled to recover under the law, including all uncompensated overtime wages for hours worked for any activity that is integral and indispensable to the principal activities.

13. Plaintiff, in addition for his claim for actual damages, seek injunctive relief from the Court to prevent future violations of the FLSA, as alleged herein.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be granted:

1. Ordering the Defendant to pay the Plaintiff compensation due as a result of Defendant's violation of the FLSA;

2. Ordering Defendant to pay the Plaintiff liquidated damages;

3. Granting injunctive relief by ordering Defendant to comply with the requirements of the FSLA.

4. Ordering Defendant to pay Plaintiff's costs of court in this action;

5. Ordering Defendant to pay Plaintiff's reasonable attorney fees and litigation expenses/costs, including expert fees and expenses; and

6. Providing such other and further relief as is just and necessary.

Respectfully submitted,

_/S/_____
Bob Whitehurst
State Bar No. 21358100
Bob Whitehurst
5380 Old Bullard Road
Suite 600, #363
Tyler, Texas 75703
(903)593-5588
Attorney for Plaintiff